Submitted July 2, affirmed October 20, 2010

Irene M. PULLAM,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT
and City of Winston,
*Respondents.*

Employment Appeals Board
09AB2723; A143507

243 P3d 71

Irene Pullam filed the brief *pro se.*

Denise G. Fjordbeck, Attorney-in-Charge, Civil/Administrative Appeals, waived appearance for respondent Employment Department.

David Van Dermark, City Administrator, waived appearance for respondent City of Winston.

Before Landau, Presiding Judge, and Ortega, Judge, and Sercombe, Judge.

LANDAU, P. J.

### LANDAU, P. J.

In this unemployment compensation case, claimant seeks review of a final order of the Employment Appeals Board (EAB) denying her benefits on the ground that she was discharged for misconduct. She contends that EAB erred in finding that she had engaged in misconduct. We affirm.

We take the facts from EAB's final order. Claimant was employed by the City of Winston as a court clerk. In August 2008, claimant and her husband began to operate an online travel business. She did not notify the city, nor did she ask for authorization to operate the side business, as required by city policy. She made use of city telephones on up to five occasions to operate the business and, on one occasion, used a city computer to conduct research for a client without seeking permission. On at least one occasion, claimant did ask for permission to use the city's computers for college research during a break. She also held an after-hours meeting with several of her customers in the city council chambers. Part of her duties included making arrangements for the public to obtain authorization to reserve the council chambers for private functions. She did not obtain authorization for her own business meeting.

One of claimant's responsibilities was to obtain, for driving while suspended (DWS) trials, Department of Motor Vehicle "suspension packets," consisting of the proof of the driver's license suspension. The operation handbook for claimant's position, which was located at her desk, included instructions on the procedure for ordering the suspension packets. On January 6, 2009, however, a municipal judge was required to find a defendant not guilty of DWS because claimant had neglected to obtain a suspension packet. The police chief spoke to claimant about the case and reminded her that she needed to order a suspension packet every time a DWS case was on the docket.

On May 19, 2009, two more defendants were found not guilty of DWS because claimant had failed to obtain the suspension packets. The police chief asked claimant about the cases, and claimant replied that she did not know that she was supposed to order the suspension packets for those cases.

The city then suspended, and later discharged, claimant for misconduct, specifically, that claimant had operated a private business while at work and that claimant had lied to the police chief about her failure to obtain the DWS suspension packets. Claimant sought unemployment compensation benefits, which the Employment Department denied. She sought a hearing, and the administrative law judge (ALJ) set aside the denial. The city sought EAB review.

Claimant argued to EAB that, in fact, she had engaged in only a few brief conversations about her business and that she had appropriately counted the time taken for those conversations as break time. She further argued that she did not lie to the police chief and that she had simply misunderstood the nature of her obligations at work.

EAB rejected claimant's arguments and reversed the decision of the ALJ. It found that claimant's version of the events pertaining to her operation of her business at work was "not plausible" and that she either actually knew or reasonably should have known that her actions violated the standards of behavior that the city had a right to expect of her. As for claimant's failure to obtain the DWS suspension packets, EAB found that she actually knew that she was obliged to order the suspension packets and that "[h]er statement to the police chief to the contrary was false."

On review, claimant contends that EAB erred in evaluating the evidence. She contends that "[t]here was never any intention for wrongful behavior," that she did not lie to the police chief, and that she was never told of the policies that she was discharged for violating.

Our review of EAB's factual findings is limited to the question whether the agency's findings are supported by substantial evidence. ORS 183.482(8)(c); *Cummings v. Employment Dept.*, 235 Or App 167, 169, 230 P3d 83 (2010). Substantial evidence exists to support a factual finding "when the record, viewed as a whole, would permit a reasonable person to make the finding." ORS 183.482(8)(c).

In this case, claimant's arguments on review founder against that standard of review. Whether the record is capable of being read as claimant contends is simply beside the

point. Our role is to determine whether that record, viewed as a whole, is capable of being read as *the agency* read it. In this case, the answer is clear. There is evidence in the record as a whole from which a reasonable person could find that claimant knowingly operated a business while at work on multiple occasions and that she knowingly misrepresented to her employer what she knew about her obligations concerning the production of the DWS suspension packets.

ORS 657.176(2)(a) requires disqualification from unemployment benefits if the employer discharged a claimant for misconduct. OAR 471-030-0038(3)(a) defines "misconduct" as, among other things, willful or wantonly negligent violation of the standards of behavior that an employer has a right to expect of an employee. OAR 471-030-0038(1)(c), in turn, defines "wanton negligence" as, among other things, circumstances in which a claimant knew or should have known that her conduct would probably result in a violation of employment standards.

In this case, given that there is substantial evidence to support EAB's findings that claimant lied to the police chief and that she knew or should have known that her operation of a business at work was not permitted, EAB did not err in finding that claimant was discharged for misconduct.

Affirmed.